# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | ED CV 26-00215-FWS (DFM) | Date: | February 11, 2026 |
|---|---|---|---|
| Title | Amarjeet No Name Given v. Mark Bowen et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) Order to Show Cause**

Petitioner filed a federal habeas petition and motion for a temporary restraining order. See Dkts. 1 ("Petition"), 2 ("TRO"). Petitioner sought release unless Respondent provided a bond hearing. See Petition at 6.

The District Judge granted the TRO in part and ordered Petitioner's release unless he received an individualized bond hearing before an IJ. See Dkt. 13. On February 5, 2026, the District Judge denied as moot Petitioner's request for a preliminary injunction and noted that under the Court's general orders the question of whether the case should be similarly dismissed as moot was referred to me.

"At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). A case is moot when the court can no longer grant effective relief. See Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997), as amended (Sept. 16, 1997). Federal courts cannot exercise jurisdiction over a case if it is moot, but "[t]he burden of demonstrating mootness is a heavy one." West v. Sec'y of Dep't of Transp., 206 F.3d 920, 924 (9th Cir. 2000). Additionally, when a party voluntarily ceases the allegedly unlawful conduct, that party "bears a formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189 (2000).

The District Judge's order denying Petitioner's request for a preliminary injunction states that Petitioner has been released. In these circumstances, courts have found that "the Petition no longer presents a live case or controversy because the Court cannot order effective relief beyond what Respondents have already provided." Jazrawi v. Wolf, No. 20-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

2338, 2021 WL 2916876, at *2 (S.D. Cal. July 12, 2021); see also Dam v. Robbins, No. 25-8133 (C.D. Cal. Sept. 16, 2025), Dkt. 7 at 6 (finding that petitioner's claim of re-detention was not ripe where Government maintained that ICE did not intend to detain him); J.P. v. Santacruz, No. 25-01640 (C.D. Cal. Oct. 24, 2025), Dkt. 31 at 6-7 (dismissing habeas petition as moot and explaining, "Critically, the event giving rise to Petitioner's fears has now passed and Petitioner has not been detained or arrested"); Tut v. Noem, 25-02701 (C.D. Cal. Oct. 30, 2025), Dkt. 13 at 3 (denying preliminary injunction as moot and explaining, "The Court understands Petitioners concerns regarding re-detention. Petitioners may seek relief from the Court should they be re-detained by immigration officials and held without bond pursuant to the Government's new policy").

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within fourteen (14) days why his Petition should not be dismissed as moot. Failure to respond will result in dismissal.